UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANTHONY WILLIAMS,

        Plaintiff,                          Case No. 1:08-cv-739

v.                                                  Honorable Janet T. Neff

CINDI S. CURTIN et al.,

        Defendants.
        _____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.        Factual allegations

Plaintiff is incarcerated at the Oaks Correctional Facility. In his *pro se* complaint, Plaintiff sues the following Oaks employees: Warden Cindi Curtin, Deputy Warden (unknown) Ball, Resident Unit Manager (unknown) Haske, and Inspector (unknown) Shockley.

Plaintiff's complaint concerns an incident that occurred on May 2, 2008. Plaintiff claims that Defendant Ball authorized the use of force to extract Plaintiff from his cell and move him to another housing unit. Plaintiff claims that he fully complied while he was strip-searched, restrained and extracted from his cell in the presence of Defendants Curtin, Shockley and Haske. Defendant Shockley later informed Plaintiff that the cell extraction was ordered because another prisoner sent a kite to prison officials alleging that Plaintiff had gang affiliations and was going to stab someone. Plaintiff claims that the unsubstantiated kite was not sufficient to justify the use of force against him. Plaintiff asserts that he was "unnecessarily harassed and humiliated." (Compl., 3.) For relief, Plaintiff seeks monetary damages and a transfer to another correctional facility.

II.        Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source

of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff does not allege a specific constitutional violation, but his factual allegations implicate the Fourth and Eighth Amendments.

### A.     **Eighth Amendment**

The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *See Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981); *Trop v. Dulles*, 356 U.S. 86, 101 (1958). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346. Among unnecessary and wanton infliction of pain are those that are "totally without penological justification." *Id.*

Plaintiff's claim that he was placed in restraints must be analyzed under the Supreme Court authority limiting the use of force against prisoners. This analysis must be made in the context of the constant admonitions by the Supreme Court regarding the deference that courts must accord to prison or jail officials as they attempt to maintain order and discipline within dangerous institutional settings. *See, e.g.*, *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986). Plaintiff is incarcerated at the Oaks Correctional Facility, which is a Level IV facility. MICH. DEP'T. OF CORR., Policy Directive 05.01.140, Attachment D. The categories of security classification within the MDOC are Levels I through V and segregation. *See* MICH. DEP'T. OF CORR., Policy Directive 05.01.130, ¶ B. Thus, Plaintiff is incarcerated at a relatively high security level.

Generally, restrictions and even harsh conditions of confinement are not necessarily cruel and unusual punishment prohibited by the Eighth Amendment. *Rhodes*, 452 U.S. 347. The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated in *Whitley*, 475 U.S. 312, should be applied. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Under *Whitley*, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. In determining whether the use of force is wanton and unnecessary, the court should evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any efforts made to temper the severity of the forceful response. *Id.* (citing *Whitley*, 475 U.S. at 321); *accord McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990). Physical restraints are constitutionally permissible where there is penological justification for their use. *Rhodes*, 452 U.S. at 346; *Kennedy v. Doyle*, 37 F. App'x 755, 756 (6th Cir. 2002); *Jones v. Toombs*, No. 95-1395, 1996 WL 67750, at *1 (6th Cir. Feb. 15, 1996); *Hayes v. Toombs*, No. 91-890, 1994 WL 28606, at * 1 (6th Cir. Feb. 1, 1994); *Rivers v. Pitcher*, No. 95-1167, 1995 WL 603313, at *2 (6th Cir. Oct. 12, 1995). Likewise, prisoners may be strip searched under circumstances that are reasonably related to the legitimate penological interest of security and order. *See Roden v. Sowders*, 84 F. App'x 611, 613 (6th Cir. Dec. 15, 2003) (citing *Cornwell v. Dahlberg*, 963 F.2d 912, 916 (6th Cir. 1992)).

Plaintiff's claim fails because it is clear from his allegations that there was a penological justification for both the strip search and the use of restraints, and, thus, the measures were constitutionally permissible. Plaintiff was strip searched and placed in restraints while he was moved to another housing unit after prison officials received a kite from another prisoner stating that Plaintiff had gang affiliations and was going to stab someone. While Plaintiff claims that the kite

was false and unsubstantiated, it was entirely reasonable for Defendants to immediately act to protect other prisoners and staff from a potential attack. The search and use of physical restraints were entirely proportionate to the threat that Plaintiff could have a knife or weapon. Furthermore, the restraints were used only for the brief period during which Plaintiff was being moved to another housing unit. Accordingly, the use of restraints did not violate Plaintiff's Eighth Amendment rights.

Moreover, Plaintiff does not even suggest in his complaint that he was subjected to any physical injury whatsoever as a result of the strip search or the use of restraints. Rather, Plaintiff claims a mental or emotional injury as a result of the incident. Title 42 U.S.C. § 1997e(e) precludes any claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Sixth Circuit repeatedly has held that Eighth Amendment claims for monetary relief based on mental or emotional injury are precluded by § 1997e(e) absent a showing of physical injury. *See, e.g.*, *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008); *Merchant v. Hawk-Sawyer*, No. 01-6244, 2002 WL 927026, at *2 (6th Cir. May 7, 2002); *Garrison v. Walters*, No. 00-1662, 2001 WL 1006271, at *2 (6th Cir. Aug. 24, 2001); *Robinson v. Corr. Corp. of Am.*, No. 99-5741, 2001 WL 857204, at *1 (6th Cir. June 20, 2001); *Oliver v. Sundquist*, No. 00-6372, 2001 WL 669994, at *2 (6th Cir. June 7, 2001); *Williams v. Ollis*, Nos. 99-2168, 99-2234, 2000 WL 1434459 (6th Cir. Sept. 18, 2000); *Raines-Bey v. Garber*, No. 99-1471, 2000 WL 658721, at *1 (6th Cir. May 12, 2000). Because Plaintiff does not allege that he suffered a physical injury, there exists no predicate for his emotional distress claim.

### B.     **Fourth Amendment**

Plaintiff's claim that Defendants authorized an improper strip search also implicates his Fourth Amendment rights. In *Bell v. Wolfish*, 441 U.S. 520 (1979), the Supreme Court held that visual body cavity inspections during strip searches of pre-trial detainees and convicted prisoners

after they had contact with outsiders were not "unreasonable" searches under the Fourth Amendment. The searches were conducted at the "federally operated short-term custodial facility in New York City designed primarily to house pretrial detainees." *Id.* at 523.  The Court stated that applying "[t]he test of reasonableness under the Fourth Amendment . . . [i]n each case . . . requires a balancing of the need for the particular search against the invasion of personal rights that the search entails.  Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Id.* at 559.  It pointed out that a "detention facility is a unique place fraught with serious security dangers.  Smuggling of money, drugs, weapons, and other contraband is all too common an occurrence." *Id.*

As discussed above, Defendants had reason to believe that Plaintiff had a knife and intended to stab another prisoner, which constituted a direct threat to the safety and security of the prisoners and staff at the facility.  Under the circumstances, it was entirely reasonable for Defendants to authorize a strip search without first investigating the truth of the allegations.  Moreover, the search was conducted without incident within the confines of Plaintiff's cell.  Plaintiff, therefore, fails to state a claim under the Fourth Amendment.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Date:  November 20, 2008                          /s/ Ellen S. Carmody
                                                  ELLEN S. CARMODY
                                                  United States Magistrate Judge


## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).